**Avram E. Frisch, Esq. (AF-0187)**
**The Law Office of Avram E. Frisch LLC**
1 University Plaza, Suite 412
Hackensack, NJ 07601
(201) 289-5352
frischa@avifrischlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| I.D. CLOTHING COMPANY, L.L.C. d/b/a TEAMGEAR | : |
| Plaintiff | : |
| | : |
| V. | : |
| | : |
| ALISON HALPER | : Civil Action No. _____ |
| | : |
| Defendant | : **COMPLAINT AND JURY DEMAND** |
| | : |
| | **:** |

      The Plaintiff, I.D. CLOTHING COMPANY, L.L.C., a New Jersey limited liability company, by way of complaint against the above named Defendants says:

## PARTIES

1. Plaintiff, I.D. Clothing Company, L.L.C. ("ID"), is a New Jersey limited liability company with its principal place of business at 29 Leslie Court, Whippany, NJ 07981.

2. Defendant Alison Halper ("Halper") is an individual residing at 4 Rale Terrace Livingston, New Jersey.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 as it is a copyright, trademark and unfair competition claim. This Court has supplemental

jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in this district pursuant to the general venue statute, 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PRELIMINARY STATEMENT

4.  This action arises from the acts of Defendant Halper's conduct in fraudulently inducing ID into producing artwork for bar and bat mitzvah parties and then taking that artwork and having it produced by other companies.  ID is in the business of producing apparel, promotional products and vinyl signage with custom logos and artwork.  ID markets itself as selling a complete product with custom artwork, and does not sell its artwork independently.  Furthermore, Defendant Halper fraudulently misled her customers that the items were in fact being produced by ID, potentially damaging ID's reputation for quality and unfairly trading on ID's name.

## FACTS COMMON TO ALL CLAIMS

5.  ID is a manufacturer and distributor of personalized apparel and other custom products, including digitally printing a wide range of flat material, such as banners, vinyl (decals, helmet wraps, car wraps, paper, etc), magnets, heat transfer material (which can be applied to clothing).  ID also sells such items for use at parties, such as bar and bat mitzvahs and similar celebrations.

6.  ID employs multiple artists to generate custom logo designs for its customers.  ID does not sell its artwork directly to the public or other printers, but provides its artwork as a service to customers purchasing apparel, banners and other printed

items.  The custom artwork is the most important aspect of the services provided by ID, and sets ID apart from its competitors.

7. Defendant Halper was an independent salesperson who sold for ID, in which she would be paid a commission for sales she generated.  She first started earning commissions in August 2009 and established a long term relationship with ID. No other salespeople were permitted to sell for Bar and Bat Mitzvah parties.  In fact, ID passed along Bar and Bat Mitzvah customers to Halper to handle the sales and earn a commission, even when they had contacted ID directly.

8. During 2014 and early 2015, Halper abused that relationship by working with ID's artists to produce artwork for numerous customers for both vinyl signage and apparel and she then failed to place any apparel order.  She did occasionally place an order for vinyl goods, which Plaintiff believes was to deceive ID and to cover her conduct, when she was in fact stealing from ID.  Furthermore, she did the acts alleged here when ID was moving its facilities which assisted her in covering up her deceitful conduct.

9. Initially, ID simply assumed that the customers chose not to purchase any work from ID, but that its copyrighted designs were not in fact used by any of these customers.

10. On or about March 17, 2015, ID began to suspect that Halper was stealing its artwork.  One of the owners of ID actually confronted Halper about the fact that the orders were not arriving for apparel.  Halper claimed that she lost the sales, but began to realize that she was caught.  Because of this, Halper told a customer,

Daryl Epstein who previously was told that ID was producing both the apparel and the vinyl signage that ID was not capable of producing the vinyl signage.

11. This discovery was confirmed when Mrs. Epstein was contacted by ID, on or about March 20, 2015.  ID had an order for a vinyl dance floor cover to be installed, though at this point they were uncertain who was going to pay for it. Upon informing Mrs. Epstein that they had the vinyl dance floor, ID was informed that Halper had asked her to write a check to Halper personally for the apparel and not directly to ID Clothing.  Halper also told Mrs. Epstein that ID Clothing could not produce the vinyl floor cover.

12. Mrs. Epstein was actually a customer who ID had referred to Halper and informed ID that Halper told her that all of the apparel came from ID.  Mrs Epstein further stated that she wanted to use ID because she "didn't want someone working out of their garage."  Yet, due to Halper's fraud, this is precisely what she got.

13. At that point in time, ID reviewed its records and discovered twenty additional customers for whom Halper had requested artwork, and for which no manufacturing orders were subsequently made.

14. ID believes that Halper used various other printers to print the items cheaply and to sell them at a greater profit to herself.  Furthermore, the low quality items Halper was passing off as ID's product damaged ID's reputation for quality items.

15. Upon review of ID's history with Halper, it was also noted that Halper had ordered goods for her own daughter's bat mitzvah party and failed to pay for $1,619.00 in goods.

16. All of the artwork misappropriated by Halper was produced by an employee of ID within the ordinary scope of employment.  Thus each of these designs, including ID's own logo, is a "work made for hire" as defined by Section 101 of the Copyright Act.  ID is therefore the sole owner of each of the copyrights at issue in this action.

17. Employees of ID created artwork for at least twenty projects and the Teamgear logo which was included on all artwork.  These artworks were registered with the United States Copyright Office on June 1, 2015 under registration #VAu001208994.

18. ID made a written demand, via a letter from its counsel, on March 23, 2015, demanding that Halper cease her conduct and pay damages for her use of the copyrighted material and her violations of the ID's trademark and her other unlawful actions.

19. ID has been using the ID name since 2003 in interstate commerce and within the State of New Jersey.  Plaintiff adopted their Teamgear logo in 2008.

20. Since then, Plaintiff has used the ID name and logo in its business of selling custom printed apparel and other printed materials, and ID has established its Mark as a sign of quality high end goods.

21. As such, ID has established has become a valid and protectable trademark under federal, state and local laws.

22. From a time period commencing in 2014 and continuing through the first quarter of 2015, Defendant Halper sold products under the ID name and with the ID logo, so as to make her customers believe that the products were being produced by

5

Plaintiff, when in fact such items were not produced by Plaintiff, but were produced by other manufacturers and suppliers.

## First Count

## Infringement of Copyrights

23. Plaintiff repeats the allegations of the foregoing paragraphs as if fully set forth herein.

24. ID owns the copyright, registered as Registration Number VAu001208994 for the artwork prepared by ID at Halper's request.

25. ID's copyright is valid and enforceable for each of the works included therein.

26. Halper has infringed on ID's copyright by causing unauthorized copies of the Teamgear logo and the artwork specifically prepared for each bar or bat mitzvah party to be printed on apparel, vinyl signage and other products.

27. Halper's acts have irreparably damaged ID and unless enjoined, will continue to irreparably damage ID. ID has no adequate remedy at law for these wrongs and injuries. NJMG is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining Halper and her agents, servants, employees, and attorneys, and all persons acting in concert with her, from infringing ID's copyrights.

28. Halper has willfully infringed ID's copyrights, and ID is entitled to recover statutory damages as a result of Sasson's unlawful conduct.

## Second Count

## Unfair Competition under 15 U.S.C. § 1125(a)

29. Plaintiff repeats the allegations of the foregoing paragraphs as if fully set forth herein.

30. Defendant Halper knowingly and willfully used and continues to use the name, ID Clothing and Teamgear, which is likely to cause confusion, and has caused confusion, in the relevant marketplace, with Plaintiff's Mark, in the State of New Jersey, and across numerous other states where Plaintiff conducts business.

31. Defendant Halper solicited business using Plaintiff's names despite her knowledge that Plaintiff owns those marks and controls the lawful use of those marks.

32. These acts by Defendants constitute unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

33. As a result of Defendants' actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

## **Third Count**

## **FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)**

34. Plaintiff repeats the allegations of the foregoing paragraphs as if fully set forth herein.

35. As a result of Plaintiff's widespread use of Plaintiff's marks, Plaintiff's marks have achieved substantial goodwill, recognition and reputation throughout the United States.

36. Defendant's unauthorized use of the name ID Clothing and Teamgear on products produced by other companies and her false claims that the products were

produced by ID constitutes use in commerce of a word, term, name, symbol, or device or a combination thereof, constituting a false designation of origin, a false and misleading deception, and a false and misleading representation that is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendants with Plaintiff, and further is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Plaintiff of Defendant's use of the name.

37. These acts by Defendants constitute unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

38. As a result of Defendant's

39.  actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

## Fourth Count

## TRADEMARK INFRINGEMENT UNDER NEW JERSEY COMMON LAW

40. Plaintiff repeats the allegations of the foregoing paragraphs as if fully set forth herein.

41. Plaintiff's Mark is distinctive by virtue of inherent distinctiveness and/or the acquired distinctiveness in the marks, through Plaintiff's efforts of promoting its goodwill and reputation in the relevant marketplace.

42. Defendant knowingly and willfully have used and continue to use the names ID Clothing and Teamgear, along with Teamgear's logo which is likely to cause confusion, and has caused confusion, in the relevant marketplace, with Plaintiff's

8

Mark, in the State of New Jersey, and across numerous other states where Plaintiff conducts business.

43. The Defendant will, if not preliminary and permanently enjoined by the Court, continue her acts of trademark infringement as defined by the common laws of New Jersey, thereby deceiving the public, and causing Plaintiff immediate and irreparable harm, damage and injury.

**Fifth Count**

**UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW**

44. Plaintiff repeats the allegations of the foregoing paragraphs as if fully set forth herein.

45. The aforementioned collective acts of the Defendants constitute unfair competition and unfair business practices contrary to the common laws of New Jersey.

46.  The Defendant will, if not preliminary and permanently enjoined by the Court, continue her acts of unfair competition as defined by the common laws of New Jersey, thereby deceiving the public, and causing Plaintiff immediate and irreparable harm, damage and injury

47. As a result of the Defendant's collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

**Sixth Count**

**Breach of Contract**

48. Plaintiff repeats the allegations of the foregoing paragraphs as if fully set forth herein.

49. Defendant Halper ordered goods and services from Plaintiff.

50. Plaintiff fulfilled its contractual obligations by producing the items ordered by Halper.

51. Halper breached her obligations under the contract by failing to pay for said products and services.

52. As a result, Plaintiff is entitled to payment for its goods and services in the amount of $1,619.00.

**Seventh Count**

**Common Law Fraud**

53. Plaintiff repeats the allegations of the foregoing paragraphs as if fully set forth herein.

54. Halper requested that ID have its employees produce artwork for numerous parties when she intended to use that artwork to purchase goods from other suppliers.

55. Halper was aware that ID would not produce artwork to be printed by other companies, and only produced artwork for its own customers as part of its product offerings.

56. Because of this, Halper intentionally deceived ID on numerous occasions in 2014 and 2015 by claiming that she needed artwork for numerous customers, and then claiming that the customers chose not to order from her at all.

10

57. This scheme damaged ID in numerous ways, including use of its employees' time, damaging ID's brand name and devaluing ID's product offerings, and by selling lower quality goods that she passed off as being produced by ID, damaging ID's goodwill.

58. The Defendant's actions were committed with malice, willfulness and the intent to interfere with Plaintiff's expectation to do business with persons seeking to do business with Plaintiff, without reasonable and lawful justification or excuse.

59. The Defendant's actions transgress generally accepted standards of common morality and law.

60. As a result of the Defendant's actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

<u>**Eighth Count**</u>

<u>**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC**</u>

<u>**ADVANTAGE**</u>

61. Plaintiff repeats the allegations of the foregoing paragraphs as if fully set forth herein.

62. Plaintiff has a reasonable expectation of an economic advantage for any person seeking to do business with Plaintiff, and relies upon laws which prevent malicious and intentional actions by a salesperson attempting to confuse such would-be customers/clients into doing business with them rather than Plaintiff.

63. Upon information and belief, Defendants have knowingly and intentionally misled consumers of Plaintiff into falsely believing that Defendant was selling

goods that were produced by Plaintiff, by intentionally misleading these consumers.

64. The Defendant's actions were committed with malice, willfulness and the intent to interfere with Plaintiff's expectation to do business with persons seeking to do business with Plaintiff, without reasonable and lawful justification or excuse.

65. The Defendant's actions transgress generally accepted standards of common morality and law.

## CLAIM FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that judgment be granted as follows:

a)  Preliminarily and permanently enjoining Halper, her agents, servants, employees, and attorneys, and all those acting in concert with them from infringing the copyrights of ID in violation of 17 U.S.C. § 101;

b)  Awarding ID its damages or Halper's profits, or alternatively, at ID's election, statutory damages, as a result of ID's infringement of the copyrights of ID;

c)  Awarding ID its costs in this action, including its reasonable attorney's fees pursuant 17 U.S.C. § 505;

d)  A permanent injunction restraining Defendant, her, agents, servants, employees, attorneys, and those in active concert or participation with them, or any of them who receive actual notice of the order by personal service or otherwise, from:

12

a. From using Plaintiff's Mark or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or cause mistake, or to deceive including but not limited to ID Clothing or Teamgear or variants thereof;

b. From using, in connection with the offering for sale or sale of any services and/or products, any false designation, description or representation stating or implying that Plaintiff is the origin of, has authorized, or is connected with such services or goods;

c. From displaying any materials using the phrase ID Clothing or Teamgear or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or cause mistake, or to deceive in relation to Plaintiff's Mark in or on any property, real or otherwise;

d. Take all steps necessary to remove the name GREEN HAT GIN or any other name, mark or symbol, likely to cause confusion with Plaintiff's Marks, from any brochures, advertisements, or any other materials printed or to be printed or distributed (including internet distribution)

e)   actual damages sustained as a result of Defendant's wrongful actions;

f)   Defendants' profits made as a result of Defendant's wrongful actions;

g)   exemplary and/or treble damages;

h)   interest, attorney's fees and costs associated herewith

i)   and Awarding Plaintiff compensatory damages on its State law claims in an amount to be determined at trial.

j)   Awarding Plaintiffs punitive damages in an amount to be determined at trial but not less than $250,000.00 for Defendant's deliberate and willful acts;

k)   Awarding Plaintiff its costs and disbursements of this suit including reasonable attorney's fees; and

l)   Awarding Plaintiff such other and further relief as the Court may deem just and proper.

THE LAW OFFICE OF AVRAM E. FRISCH LLC
*Attorney for plaintiff*

BY:_____

Dated: June 11, 2015

Avram E. Frisch, Esq.
1 University Plaza, Suite 412
Hackensack, NJ 07601
201-289-5352

14

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial of all issues in this action.



THE LAW OFFICE OF AVRAM E. FRISCH LLC
*Attorney for plaintiff*

BY: _____

Dated: June 11, 2015                    Avram E. Frisch, Esq.
                                        1 University Plaza, Suite 412
                                        Hackensack, NJ 07601
                                        201-289-5352

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or any pending arbitration or administrative proceeding, to which this matter is subject.

Respectfully submitted,

THE LAW OFFICE OF AVRAM E. FRISCH LLC
*Attorney for plaintiff*

BY:
Dated: June 11, 2015          Avram E. Frisch, Esq.
                              1 University Plaza, Suite 412
                              Hackensack, NJ 07601
                              201-289-5352

16